Neal Weingart, OSB No. 066551
1050 SW Sixth Ave. Suite 1415
Portland, Oregon 97204
(503) 379-9933 Telephone
1(888) 957-8392 Facsimile
neal@nealweingartlaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CALE JOSEPHS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PORTLAND, a municipal corporation,<br>MICHAEL GONZALEZ, in his/her individual and official capacity, AND<br>MICHAEL TERRETT, in his/her individual and official capacity,<br><br>Defendants. | Case No.  3:20-cv-01888-YY<br><br>**FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES AND REQUEST FOR JURY TRIAL** |

Plaintiff alleges as follows:

1.

Plaintiff Cale Josephs was at all times material a resident of the state of Montana and a visitor to the Portland, Oregon area.

2.

Defendant Portland Police Bureau is an agency of the State of Oregon.

Page 1 – FIRST AMENDED COMPLAINT FOR PERSONAL
              INJURIES AND REQUEST FOR JURY TRIAL

EXHIBIT 1
PAGE 1 of 6

3.

Defendants Michael Gonzalez and Michael Terrett, at all times material, were at all times material employed by the City of Portland as officers of the Portland Police Bureau.

4.

On June 08, 2020, Plaintiff was standing in front of the hotel he was staying at, on the sidewalk of the Mark Spencer Hotel, holding a sign that read, "Transparency" on one side and "Accountability" on the other. Portland Police vehicles came down the road and stopped suddenly in front of Plaintiff. Those officers, including Defendant Michael Gonzalez and Defendant Michael Terrett, told Plaintiff and his boyfriend to return to their hotel because they were "violating curfew," despite the fact that there was no curfew in Portland on this date. As Mr. Josephs and his boyfriend were walking back into the hotel, Plaintiff confronted the officers by asking "Am I not allowed to demand an end to qualified immunity?" At this point, the officers chased Plaintiff into the hotel lobby, handcuffed and hauled him back out to the street, and arrested him. Plaintiff was then taken to the Justice Center to be interviewed by two detectives and held for three to four hours. Plaintiff was cited for interfering with a peace officer (IPO) ORS 162.247) and given a summons to appear. The charges were never filed, but Plaintiff was unaware of this until after he travelled back to Portland from Montana for the arraignment date on his summons.

**CLAIM I**

**(False Arrest)**

**(Against The City of Portland)**

5.

Plaintiff re-alleges paragraphs 1 through 3, as if fully stated herein.

6.

Defendants intended to arrest and confine Plaintiff.

Page 2 – FIRST AMENDED COMPLAINT FOR PERSONAL
    INJURIES AND REQUEST FOR JURY TRIAL

EXHIBIT 1
PAGE 2 of 6

7.

Defendants arrested plaintiff and confined Plaintiff.

8.

Plaintiff was aware of his confinement and arrest.

9.

Defendants arrested and confined Plaintiff unlawfully, because they did not have probable cause.

10.

As a result of the above described false arrest, plaintiff suffered, continued to suffer, and may permanently suffer from fear and humiliation.

## CLAIM II

### (Battery)

### (Against The City of Portland)

11.

Plaintiff re-alleges paragraphs 1 through 3, as if fully stated herein.

12.

Defendants, were acting in the scope of their employment when they assaulted and battered Josephs.

13.

City of Portland is responsible for its tortious conduct which caused injury to Josephs.

14.

As a result of this battery, Josephs suffered damages described above.

15.

As a result of the above, Josephs is entitled to an award of economic and non-economic damages against defendants in amounts to be determined at trial.

16.

Josephs should be awarded his costs against defendants.

## CLAIM III

### (Assault)

### (Against The City of Portland)

17.

Plaintiff re-alleges paragraphs 1 through 3, as if fully stated herein.

18.

Defendants, were acting in the scope of their employment when they assaulted and battered Josephs

19.

The City of Portland is responsible for its tortious conduct which caused injury to Josephs.

20.

Defendants intended to cause harmful and offensive contact to Plaintiff when arresting Plaintiff.

21.

As a result of the above described assault, plaintiff reasonably believed he would suffer immediate harmful and offensive contact.

22.

As a result of this assault, Josephs suffered damages described above.

23.

As a result of the above, Josephs is entitled to an award of economic and non-economic

damages against defendants in amounts to be determined at trial.

24.

Josephs should be awarded his costs against defendants.

## CLAIM IV

**(42 U.S.C. § 1983—against Defendants Gonzalez, Terrett and the City of Portland)**

25.

Plaintiff re-alleges all prior relevant paragraphs as if fully set forth herein.

26.

Defendants Michael Gonzalez and Michael Terrett were, at the time of this incident, employees of the Portland Police Bureau and at all relevant times, they all acted under color of state law.

27.

The actions of Defendants Gonzalez and Terrett deprived Mr. Josephs of his rights under the First Amendment and Fourth Amendment to the United States Constitution, as applied to the State of Oregon by the Fourteenth Amendment, when he was chased down, hauled out to the street and arrested for standing on the sidewalk holding a sign and speaking in support of the Black Lives Matter Movement.

28.

Mr. Josephs was engaged in a constitutionally protected activity while holding a sign and speaking in support of the Black Lives Matter Movement.

29.

Defendants Gonzalez and Terrett's actions against Mr. Josephs would chill a person of ordinary firmness from continuing to engage in the protected activity.

30.

Defendants Gonzalez and Terrett's actions were intentional and unjustified. Mr. Josephs was about fourteen blocks away from any active protests going on in downtown Portland.

31.

As a result of defendants' violation of Josephs' Constitutional rights, Josephs suffered physical and mental pain and suffering. Accordingly, Josephs is entitled to economic and non-economic damages against defendants in an amount to be determined at trial for the violations of 42 U.S.C § 1983 and for Josephs' attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## PRAYER

WHEREFORE, Plaintiff prays for Judgment in his favor and against Defendants as follows:

a) For non-economic damages in a sum which a jury determines to be reasonable,

b) For Plaintiff's attorneys' fees, costs and disbursements incurred herein; including but not limited to attorneys' fees pursuant to 42 U.S.C. § 1988 and,

c) Any further relief the Court deems just and equitable.

Respectfully submitted this 8th day of January, 2021.

*/s/ Neal Weingart*
Neal Weingart
Attorney for Plaintiff
